KOPPAS v. HEFFNER & FLEMMING.

JUDGMENT—COMMON PLEAS COURT—NOTICE—REMEDY FOR ERRONEOUS ENTRY.

Remedy of defendant in action of assumpsit in common pleas court for undisputed amount due on land contract, wherein jury gave verdict for defendant, new trial was granted, court informed by both attorneys that no new evidence would be presented and judgment then entered for plaintiff who filed

transcript thereof in circuit court, obtained execution and made levy upon real estate, satisfied his judgment, and executed and delivered deed to defendant's attorney, would be by certiorari or appeal if there was error, in point of law, and where defendant had same attorney then as now such judgment would not be set aside, in absence of fraud, on claim that defendant was not informed of entry of judgment in common pleas court.

Appeal from Wayne; Webster (Arthur), J. Submitted October 4, 1938. (Docket No. 14, Calendar No. 40,146.) Decided November 10, 1938.

Bill by James Koppas against Heffner & Flemming, a Michigan corporation, and others to set aside a judgment of the common pleas court of the City of Detroit, an execution and levy. Bill dismissed. Plaintiff appeals. Affirmed.

*Philip J. Williams,* for plaintiff.

*Raymond A. Fox,* for defendant.

WIEST, C. J.   The bill herein was filed to set aside a judgment of the common pleas court of the city of Detroit, in favor of defendant herein, and a levy and sale of a parcel of plaintiff's real estate under execution issued on transcript.

The suit in the common pleas court was in assumpsit to recover payments under a land contract. Defendant therein, plaintiff herein, gave notice that title to real estate was involved. The suit did not involve title to real estate. The jury, however, found in favor of the vendee, plaintiff herein. The amount due on the land contract was unquestioned. Plaintiff in that suit moved for and was granted a new trial and, the court being informed by counsel for both parties that no other evidence would be in-

troduced upon a new trial, entered judgment upon the former evidence in favor of the plaintiff therein. No appeal was taken.

Plaintiff in that suit then filed a transcript of the judgment in the circuit, obtained an execution, levied upon real estate, satisfied the judgment, executed a deed to plaintiff herein and gave the deed to the attorney for plaintiff herein.

There was no fraud, and if there was error, in point of law, in the common pleas court the remedy was by certiorari or appeal.

Plaintiff herein claims however, that he was not informed of the entry of judgment against him in the common pleas court. The attorney who represented him in the common pleas court, and who was present and informed the court no other evidence would be introduced upon a new trial, is still his attorney and, as such, filed the bill herein.

The decree dismissing the bill is affirmed, with costs to defendant.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.